UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-cv-22230-COOKE/TURNOFF

JANE DOE,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE AND/OR LIMIT TESTIMONY OF PLAINTIFF'S EXPERT MAJOR MARK WILLINGHAM

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), hereby files its Motion *in Limine* to exclude and/or limit the testimony of Plaintiff's expert, Major Mark Willingham, and in support thereof, Norwegian states as follows:

## INTRODUCTION

Plaintiff alleges that during the course of a cruise aboard the *Norwegian Sun*, she was sexually assaulted in a women's restroom. Plaintiff claims, in part, that Norwegian negligently over served her alcohol and that her level of intoxication prevented her from being able to defend herself. Plaintiff seeks to offer the testimony of Major Mark Willingham at trial to demonstrate that Norwegian's service of alcohol to Plaintiff was negligent and that Norwegian does not have reasonable alcohol service policies in place. As Willingham's testimony does not meet the standards for expert testimony under the Federal Rules of Evidence and the applicable case law, his testimony should appropriately be excluded and/or limited.

**MASE LARA EVERSOLE**

CASE NO.: 11-cv-22230-COOKE/TURNOFF

## **SUBSTANCE OF WILLINGHAM'S OPINIONS**

Willingham is a self-described alcohol service expert and his curriculum vitae states that he "specializes in Dram Shop cases, underage sales and alcoholic beverage premises liability matters." [Curriculum Vitae, attached hereto as Exhibit "A"].  If permitted to testify, Willingham will offer the following opinions:

1. Norwegian owed Plaintiff a duty of care to "serve alcoholic beverages to her in a non-negligent manner reasonable under the circumstances" and it owed a "duty to exercise reasonable care under the circumstances to care for an intoxicated passenger." [See Report of Willingham at p. 2, attached hereto as Exhibit "B"]. According to Willingham, Norwegian's "duty of care required it to establish reasonable and appropriate alcohol service policies and procedures, employee training, management and management systems, and risk assessment and abatement practices." [Exhibit B at p. 2]. Willingham opines that Norwegian breached these duties.

2. Plaintiff was "highly intoxicated" on the date of the alleged incident. [Deposition of M. Willingham at p. 59, attached hereto as Exhibit "C"]. Willingham used a computer system to conclude that, contrary to the opinions of Plaintiff's toxicology expert, Plaintiff's blood alcohol content was "somewhere in the neighborhood of about .21." [Exhibit C at p. 95].

3. A YouTube video showing a bartender "free-pouring" drinks on a different ship on an unknown date demonstrates that the drinks served on the Pub Crawl were had a higher alcohol content than testified to by Norwegian's corporate representative. [Exhibit C at p. 46].

4. "More likely than not, [Plaintiff's] intoxication level left her vulnerable to the sexual assault and unable to protect herself." [Exhibit B at p. 3].

2

**MASE LARA EVERSOLE**

5. "The service of sufficient alcoholic beverages to [Plaintiff] to cause the level of intoxication [Plaintiff] and others report is negligent, not reasonable under the circumstances, and was a causation factor in her subsequent harm." [Exhibit B at p. 5].

6. The Pub Crawl was designed to induce passengers to drink and was therefore unreasonable under the circumstances. [Exhibit B at p. 6-7].

7. YouTube videos from a different cruise purportedly depicting an unidentified Norwegian employee demonstrate "an indication of [Norwegian's] intention to provide alcohol service leading to intoxication of the pub crawl attendees." [Exhibit C at p. 47].

8. Norwegian "fell below a reasonable standard of care in the development, implementation, distribution, and compliance monitoring of reasonable and effective alcohol service policies designed to prevent alcohol related harm which was not reasonable under the circumstances." [Exhibit B at p. 11]. Norwegian also fell below "a reasonable standard of care" with respect to "development and implementation of reasonable and effective bartender, alcohol server, and management training." [Exhibit B at p. 18].

9. Once someone's intoxication starts taking effect, "their safety and the safety of anyone they may harm shifts to the person providing alcohol to them." [Exhibit C at p. 59].

## MEMORANDUM OF LAW

Willingham seeks to opine that Norwegian was negligent and is at fault for Plaintiff's alleged assault. He thus essentially endeavors to decide the case for the jury. He attempts to offer opinions regarding the factual determinations to be drawn from the evidence and the verdict that he believes the law and the facts mandate. In so doing, he invades the province of the court and the court.

CASE NO.: 11-cv-22230-COOKE/TURNOFF

Willingham's overreaching testimony is nothing more than conclusory allegations best left for Plaintiff's attorneys in their closing argument, properly excluded from this trial:

> …expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments.

*U.S. v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004) (citing *U.S. v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985) (observing that expert testimony is admissible if it offers something "beyond the understanding and experience of the average citizen")). Put another way, "[e]xpert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves." *Hibiscus Associates Ltd. v. Board of Trustees of Policemen and Firemen Retirement System of the City of Detroit*, 50 F.3d 908, 917 (11th Cir. 1995). The jury can decide for themselves whether Norwegian was negligent without Willingham's testimony telling them that it was. *See U.S. v. Delatorre*, 308 Fed.Appx. 380, 383 (11th Cir. 2009; *Montgomery v. Aetna Casualty and Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may not, however, merely tell the jury what to reach"); *Barnes v. CUS Nashville, LLC*, 2011 U.S. Dist. LEXIS 30167, *4-5 (M.D. Tenn. Mar. 23, 2011) ("By testifying as to the adequacy of warning signs…[the expert] is clearly invading the province of the jury.").

Additionally, Willingham offers various opines that he is not qualified to render. For instance, although he is admittedly not a toxicologist, [Exhibit C at p. 98], Willingham opines that Plaintiff was very intoxicated and that her blood alcohol content could have been as high as .21. Willingham is not qualified to offer opinions on these topics and he should be precluded from doing so at trial. Further, Plaintiff has retained a toxicology expert and permitting

4

**MASE LARA EVERSOLE**

CASE NO.: 11-cv-22230-COOKE/TURNOFF

Willingham to offer toxicology related opinions will unnecessarily confuse the jury and lead to the presentation of cumulative evidence.  See Fed. R. Ev. 403.

WHEREFORE, Defendant, NCL (BAHAMAS) LTD., respectfully requests that this Honorable Court grant its Motion *in Limine* and enter an Order excluding the testimony of Major Mark Willingham, appropriately limiting his testimony or granting any further relief this Court deems just and proper.

    Respectfully submitted,

    MASE, LARA, EVERSOLE, P.A.
    *Attorneys for Defendant*
    2601 South Bayshore Drive, Suite 800
    Miami, Florida  33133
    Telephone:  (305) 377-3770
    Facsimile:   (305) 377-0080

    By:   */s/ Lauren E. DeFabio*
        CURTIS J. MASE
        Florida Bar No. 478083
        cmase@mletrial.com
        LAUREN E. DEFABIO
        Florida Bar No.: 84121
        ldefabio@mletrial.com

CASE NO.: 11-cv-22230-COOKE/TURNOFF

## LOCAL RULE 7.1A (3) STATEMENT

Pursuant to S.D. Fla. L.R. 7.1.A.3 counsel for Defendant hereby certifies that the undersigned has conferred with Plaintiff's counsel in a good faith effort to resolve the issues in the subject motion and Plaintiff's counsel has indicated that they do not agree to the relief sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parities who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Lauren E. DeFabio*
Lauren E. DeFabio

CASE NO.: 11-cv-22230-COOKE/TURNOFF

# SERVICE LIST
## Case No. 11-22230-COOKE/TURNOFF

Keith S. Brais, Esq.
Richard D. Rusak, Esq.
Brais & Associates, P.A.
*Attorneys for Plaintiff*
New World Tower
100 North Biscayne Boulevard
Suite 800
Miami, Florida 33132
Tel.: (305)416-2901
Facsimile: (305) 416-2902

18221/1479