UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22230-Civ-COOKE/TURNOFF

JANE DOE,

    Plaintiff
vs.

NCL (Bahamas) LTD.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CASE is before me on Jane Doe's ("Plaintiff") Motion for Partial Summary Judgment. (ECF No. 79). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, Plaintiff's Motion is denied.

### I. BACKGROUND

This case concerns allegations of a sexual assault that occurred on April 11, 2011 on NCL Bahamas LTD.'s ("Defendant") cruise ship, the Norwegian Sun. The parties agree on a limited set of facts surrounding the assault.[1]

On April 11, 2011, Plaintiff was a passenger aboard the Norwegian Sun. (Pl.'s Statement §3; Def.'s Statement §1). Defendant owns, operates, and maintains the Norwegian Sun. (Pl.'s Compl. §9; Def.'s Answer §9). On the date of the alleged sexual assault, Plaintiff participated in a "pub crawl" event organized by Defendant. (Pl.'s Statement §6; Def.'s Statement §1). The pub crawl event started at 1:15 p.m. and lasted approximately 90 minutes during which the participants were served five drinks. (Pl.'s Statement §7; Def.'s Statement §§4;6). Plaintiff was a member of the team that had won the most games during the event and was awarded an extra drink. (Pl.'s

---

[1] Defendant does not admit that a sexual assault occurred. (*See* Def.'s Resp. to Pl.'s Mot. For Summ. J. n.2).

Statement §14; Def.'s Statement §5). After the event, Plaintiff remained at the last stop on the pub crawl, the "Great Outdoors," where she socialized with her traveling companions and other passengers. (Pl.'s Statement §16; Def.'s Statement §6). At 3:34 p.m. and 4:11 p.m., Plaintiff purchased two more margaritas at the Great Outdoor, but partially consumed the second one. (Pl.'s Statement §§17-18; Def.'s Statement §7). A few minutes later, Plaintiff went to use a public restroom. (Pl.'s Statement §19; Def.'s Statement §11). While inside the restroom, Plaintiff started feeling the effects of the alcoholic beverages she consumed. (Pl.'s Statement §20; Def.'s Statement §12). Plaintiff alleges that she then heard a male voice call her name. (Pl.'s Statement §§17-18; Def.'s Statement §7). Thereafter, Plaintiff alleges that a man entered the toilet stall and sexually assaulted her. (Pl.'s Statement §23; Def.'s Statement §13). Plaintiff alleges that she did not resist because she did not have the ability to do so. (Pl.'s Statement §§17-18; Def.'s Statement §7). The next morning, Plaintiff reported the assault. (Pl.'s Statement §§17-18; Def.'s Statement §14).

On June 20, 2011, Plaintiff filed a Complaint against NCL Bahamas LTD ("Defendant"), alleging in Count I that Defendant was strictly liable for the sexual assault allegedly perpetrated by one of its crew members and, in Count II, pleading in the alternative, that Defendant was negligent in failing to take reasonable care in protecting Plaintiff from an assault by another passenger. (Comp., ECF No. 1). On July 2, 2012, Plaintiff moved for a summary judgment as to Count II of the Complaint.[2] (Pl.'s Mot. for Summ. J., ECF No. 79).

## II. LEGAL STANDARDS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*,

---

[2] Plaintiff clarified in her Reply that she was moving for summary judgment on Count II of the Complaint, the negligence claim, and not on Count I, as stated in her Partial Motion for Summary Judgment. (ECF No. 96.)

477 U.S. 242, 249-50 (1986).

"The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.*

### III. ANALYSIS

#### A. Federal Maritime Law Governs the Substantive Issues of the Case

As a preliminary matter, I must determine whether admiralty law applies to this case. Plaintiff and Defendant both agree on the application of general maritime law. (*See* Pl.'s Motion for Summ. J. 14-15; Def.'s Resp. to Pl.'s Motion for Summ. J.8). A federal court sitting in diversity, however, has an independent duty to ensure admiralty jurisdiction exists before applying admiralty law. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004); *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004). To invoke federal admiralty jurisdiction over a tort claim, the action must satisfy conditions both of location and of connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The connection test is

satisfied here because Defendant is a cruise ship operator and, therefore, engages in maritime commerce. *Gavigan v. Celebrity Cruises, Inc.*, 843 F. Supp. 2d 1254, 1258 (S.D. Fla. 2011) (finding that the action was sufficiently connected to maritime activity when a party is a cruise ship operator). The location test is also satisfied because the sexual assault occurred on navigable water. *See id.* (finding that the occurrence of a tort on navigable waters satisfies the connection test). Accordingly, admiralty jurisdiction exists and federal maritime law governs the substantive issues of the case. *Celebrity Cruises*, 394 F.3d at 902.

### B. Count II of the Complaint: Negligence

In Count II of the Complaint, Plaintiff alleges that Defendant breached its duty of care in two ways: (1) by failing to not over serve Plaintiff alcohol; and (2) by failing to warn Plaintiff that she may be the target of a physical attack or sexual assault on the vessel. (Comp. 4-5).

At the outset, I note that Count II of Plaintiff's Complaint is based on the theory that the person who sexually assaulted Plaintiff was a fellow passenger, not a crew member. *See* Comp. 4. By moving for summary judgment on Count II, Plaintiff implies that the fact that her assailant was a passenger is undisputed. This is inconsistent with the position taken by Plaintiff in her Responses to Defendant's Motion for Sanctions and Defendant's Motion for Summary Judgment, where Plaintiff argues that the identity of her assailant remains unknown. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. 12 ("[S]ummary judgment should not be entered in Defendant's favor regarding Count I"); Pl.'s Resp. to Def.'s Motion for Sanctions 4 ("NCL has never brought forth any evidence that rules out Plaintiff was raped by a crew member."). If the fact that the assailant is a passenger is undisputed, Plaintiff should withdraw her Count I.[3] If the identity of the assailant is still in dispute, then Plaintiff cannot move for summary judgment. This inconsistency alone warrants the denial of Plaintiff's Motion for Partial Summary Judgment. I will, nonetheless, address Plaintiff's arguments

---

[3] I will address this issue in my order on Defendant's Motion for Summary Judgment.

that she is entitled to a judgment as a matter of law regarding (1) Defendant's duty to not over serve Plaintiff and (2) Defendant's duty to warn Plaintiff of the risks of sexual assault aboard the cruise ship.

### 1. *The Duty to Not Over Serve Plaintiff*

Pursuant to the principles of maritime law, a cause of action for over service of alcohol is based in negligence. *Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654 (Fla. Dist. Ct. App. 2004) (collecting cases). The owner of a ship in navigable waters "owes to all who are on board a "duty of exercising reasonable care under the circumstances of each case." *Kermarec v. Co. Gen. Transatlantique*, 358 U.S. 625, 632, (1959). Ocean carriers no longer have the duty to exercise a "high," a "very high" or the "highest" degree of care to ensure the safety of their passengers. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Further, a carrier by sea is not liable to passengers as an insurer, but only for its own negligence. *Doe v. Royal Caribbean Cruises, Ltd*, 11-23323-CIV, 2011 WL 6727959, at *2 (S.D. Fla. Dec. 21, 2011) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir.1984)).

Plaintiff contends that Defendant over served her alcoholic beverages because in just under three hours, eight drinks were served to Plaintiff: six were served during the pub crawl event and two were ordered by Plaintiff immediately after the pub crawl event. Pl.'s Mot. for Summ. J. 17. Plaintiff cites no authority for the proposition that the service of a certain number of drinks within few hours is a breach of a duty to not over serve alcohol. Further, Plaintiff does not dispute that the first five drinks served at the pub crawl event were "half drinks." Pl.'s Statement §9; Def.'s Statement 4). Whether Defendant over served alcohol *under the circumstances* requires a factual analysis. *See Kermarec*, 358 U.S. at 632. Specifically, the facts of the case must be such that a "reasonable defendant would have been on notice of the impending danger to the plaintiff." *Royal Caribbean Cruises*, 2011 WL 6727959, at *4 (S.D. Fla. Dec. 21, 2011). Accordingly, the

intoxicated passenger behavior may be relevant to the determination that Defendant in this case was on notice of the danger. *Id*. (holding that what the defendant *actually* observed could put a defendant on notice of the danger); *see also Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654, 654 (Fla. Dist. Ct. App. 2004) (finding that a complaint stated a cause of action against a cruise ship, where the passenger alleged that he was *obviously* past the point of intoxication and unable to look after himself). Mere notice that a passenger is intoxicated, however, may not always be sufficient to put a defendant on notice that the passenger is in serious danger. *Royal Caribbean Cruises*, 2011 WL 6727959, at *4 ("It may well be that passengers often become intoxicated on cruise ships and that, in context, [a state of obvious intoxication] was insufficient to reasonably put the defendant on notice that the plaintiff was in serious danger").

In this case, the parties disagree on whether Plaintiff visibly was intoxicated. Pl.'s Statement §25; Report of Security Officer Fail ("NCL crewmember, Ermina Quintana, observed Plaintiff as being 'extremely intoxicated' after being discovered in the restroom"); *but see* Def.'s Statement §§9-10; S. Kansley Dep. 17:17-17:21 ("I did not think anything was out of the normal"). Additionally, Defendant argues that Plaintiff herself was negligent. Def.'s Resp. to Pl.'s Mot. for Summ. J. 13. Under maritime law, comparative negligence is a viable defense. *Hall*, 888 So. 2d at 655 n.2. Defendant alleges that Plaintiff took Vicodin prior to the pub crawl event despite allegedly being aware of the risks of mixing Vicodin with alcohol. *See* Def.'s Statement §3; Sadler Dep. 29:24-30:10. Defendants also argues that Plaintiff voluntarily chose to participate in the pub crawl event. Def.'s Resp. to Pl.'s Mot. for Summ. J. 13. Finally the parties disagree on whether, but for the service of alcohol, Plaintiff could have avoided the sexual assault. Pl.'s Mot. for Summ. J. 9; Def.'s Resp. to Pl.'s Mot. for Summ. J. 16. In sum, many issues as to material facts remain unresolved thus precluding a finding that Defendant breached a duty of reasonable care *under the*

*circumstances*.  Accordingly, judgment as a matter of law is not warranted on the issue of the alleged over service of alcohol by Defendant.

### 2. The Duty to Warn Plaintiff that She May Be the Target of a Sexual Assault.

The standard of reasonable care applicable to a cruise ship carrier includes the duty to warn passengers of dangers which are not apparent and obvious. *Harnesk v. Carneval Cruise Lines Inc.*, 87–2328–Civ, 1991 WL 329584, at *4 (S.D. Fla., Dec 17, 1991) (citing *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986)).  To impose liability, the carrier must have had actual or constructive notice of the risk-creating condition. *Id*.  Thus, a finding of negligence in a passenger personal injury action is determined on a case-by-case basis. *Id*.  Further, when the danger is a criminal act carried out by a non-crewmember, a party will be liable in negligence for intervening criminal acts only if the acts were foreseeable. *Doe v. Royal Caribbean Cruises, Ltd*, 11-23323-CIV, 2011 WL 6727959, at *2 (S.D. Fla. Dec. 21, 2011) (citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So.2d 248 (Fla. 3d DCA 1985)); *see also* Restatement (Second) of Torts § 442B cmt. c. ("tortious or criminal acts may in themselves be foreseeable, and so within the scope of the created risk [by the actor's negligence], in which case the actor may still be liable for the harm .... But if they are not, the actor is relieved of responsibility by the intervention of the third person"). The issue foreseeability is ordinarily a jury question where there is sufficient evidence of foreseeability to preclude a determination of the issue as a matter of law. *Carlisle*, 475 So. 2d at 251.

In this case, the parties do not agree on whether the danger of being raped aboard a cruise ship was open and obvious. *See* Pl.'s Reply to Mot. for Summ. J. 8 ("People simply do not expect to go on a luxury ocean cruise and get raped"); Def.'s Resp. to Pl.'s Mot. for Summ. J. 14 (arguing that there is no duty to warn of the general existence of crime aboard a ship). The obviousness of the risk of sexual assault is a question for the jury. *See Harnesk*, 1991 WL 329584 at *4. Whether

Plaintiff was at heightened risk of a sexual assault aboard Defendant's cruise ship also is at issue. Pl.'s Reply to Mot. for Summ. J. 7 ("within the 15 months leading to the subject rape, there were 23 prior instances of sexual assaults aboard Defendants' cruise ships"); Def.'s Resp. to Pl.'s Mot. for Summ. J. 15 ("Although discovery has revealed prior reported instances of alleged sexual assaults on [Defendant]'s vessels, none of these alleged assaults occurred on the Sun or after the alleged victims participated in a Pub Crawl."). Finally, as mentioned above, the parties also disagree on whether, but for the service of alcohol, Plaintiff could have avoided the sexual assault. Pl.'s Mot. for Summ. J. 9; Def.'s Resp. to Pl.'s Mot. for Summ. J. 16. Accordingly, many issues as to material facts in this case will need to be determined by the fact-finder, and thus preclude a determination as a matter of law that Defendant breached a duty to warn Plaintiff of the risk of a sexual assault.

## IV. CONCLUSION

Accordingly, it is **ORDERED and AJUDGED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 79) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 14th day of November 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*