UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22230-Civ-COOKE/TURNOFF

JANE DOE,

    Plaintiff
vs.

NCL (Bahamas) LTD.,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

THIS MATTER is before me on the parties' Joint Summary of Motions in *Limine* (ECF No. 118). Jane Doe ("Plaintiff") has presented seven motions in *limine* and Defendant NCL Bahamas LTD. ("Defendant") has presented eleven motions in limine. I will address each Motion in turn.[1]

"The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as the Federal Rules of Evidence otherwise provide. Fed. R. Evid. 401; 402. Relevant evidence "may be excluded if its probative value is

---

[1] The facts of this case are set forth in my November 14, 2012 Order granting in part Defendant's Motion for Summary Judgment. (ECF No. 134).

1

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the parties's Motions in *Limine* are **GRANTED**, **DENIED** or **GRANTED in part and DENIED in part**, as follows:

1. Plantiff's Motion *in Limine* No. 1 to exclude the reference to acts of infidelity or any basis for Plaintiff's divorce is **GRANTED**. *See* Joint Summary of Mot. in *Limine* 4. Reference to acts of infidelity, Plaintiff's divorce or the basis for Plaintiff's divorce would be unduly prejudicial and must be excluded pursuant to Federal Rule of Evidence 403; *see also Peake v. Patterson*, 05-CV-1687, 2007 WL 517892, at *1 (M.D. Pa. Feb. 12, 2007) (finding a reference to a divorce prejudicial). Further, these events occurred fifteen years ago and have no bearing on the Plaintiff's current psychological state. *See, e.g., Henderson v. Choctaw County City of Hugo Hosp. Auth.*, CIV-09-125-KEW, 2010 WL 2160334, at *1 (E.D. Ok. May 27, 2010) (finding a 32 year old divorce irrelevant).

2. Plantiff's Motion *in Limine* No. 2 to exclude the reference to Plaintiff's thought of suicide or suicide attempt is **GRANTED**. *See* Joint Summary of Mot. *in Limine* 6. The probative value of such a reference is far exceeded by the danger of unfair prejudice, confusion of the issues, and may mislead the jury. The suicide attempt is also too remote to be relevant to the Plaintiff's current psychological state. *See, e.g., Dodd v. Workman*, CIV-06-140-D, 2011 WL 3299101, at *25 (W.D. Ok. Aug. 2, 2011) (finding that the existence of traumatic events in the litigant's remote past that might have

prompted him to make suicidal gestures does not establish that litigant is constantly suicidal, easily rendered suicidal, or otherwise mentally ill).

       3.       Plaintiff's Motion *in Limine* No. 3 to exclude the reference to Plaintiff's alleged abortion is **GRANTED.** The Motion is unopposed. *See* Joint Summary of Mot. in *Limine* 8. A reference to Plaintiff's abortion would be highly prejudicial and its probative value far exceeded by the danger of unfair prejudice, confusion of the issues, and may mislead the jury. *Jones v. Rent-A-Ctr., Inc.*, 281 F. Supp. 2d 1277, 1284 (D. Kan. 2003) (finding that knowledge of plaintiff's abortion could have caused the jury to decide the case on an improper basis by making a value judgment regarding plaintiff). Accordingly, evidence related to Plaintiff's alleged abortion is not admissible pursuant to Rule 403.

       4.       Plaintiff's Motion *in Limine* No. 4 to exclude the reference to Plaintiff's promiscuity, engaging in other sexual behavior, and Plaintiff's sexual predisposition is **GRANTED in part and DENIED in part.** *See* Joint Summary of Mot. in *Limine* 9. Evidence offered to prove that a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition is not admissible in a civil proceeding involving alleged sexual misconduct. Fed. R. Evid. 412(a). Further, the risk of unfair prejudice may exceed the probative value of a reference to Plaintiff's promiscuity or sexual predisposition. Fed. R. Evid. 403. However, evidence offered to prove a victim's sexual behavior or sexual predisposition may be admissible if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Fed. R. Evid. 412. Reference to Plaintiff's engaging in sexual behavior within the next day or few days *after* the assault is relevant to the determination of Plaintiff's

3

psychological state after the alleged rape. Accordingly, evidence relating to Plaintiff's sexual behavior in the aftermath of the alleged rape outweighs the danger of unfair prejudice and may be offered pursuant to Federal Rule of Evidence 412(b).

   5. Plaintiff's Motion *in Limine* No. 5 to exclude the reference to Plaintiff's religious belief or lack thereof is **GRANTED**. *See* Joint Summary of Mot. *in Limine* 11. A reference to Plaintiff's religious belief, including the fact that her father allegedly was a Baptist minister is prejudicial and its low probative value is far exceeded by the danger of unfair prejudice, confusion of the issues, and may mislead the jury.

   6. Plaintiff's Motion *in Limine* No. 6 to exclude photographs depicting Plaintiff participating in "body shots" is **DENIED**. *See* Joint Summary of Mot. *in Limine* 13. These photographs were taken shortly after the pub crawl event and before the alleged assault. *See id.* at 14. Plaintiff has placed her level of intoxication, appearances and demeanor at issue in this case, therefore, photographs depicting Plaintiff right after the pub crawl event are relevant and probative. To the extent that these pictures are offered to show Plaintiff's level of intoxication, appearances and demeanor, these pictures will be admitted.

   7. Plaintiff's Motion *in Limine* No. 7 to exclude reference to Plaintiff "necking" or otherwise interacting in a romantic way during the white party is **DENIED.** *See* Joint Summary of Mot. *in Limine* 15. Reference of Plaintiff interacting in a romantic way with a man the night after the alleged rape is relevant to the determination of Plaintiff's psychological state after the alleged rape and therefore of the determination of damages and may be offered pursuant to Federal Rule of Evidence 412(b).

8.      Defendant's Motion *in Limine* No. 1 to exclude videos from Youtube and similar websites is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 17.  Videos of pub crawl events on other vessels operated by Defendant are not relevant to the facts of the case and may misled the jury and cause a confusion of the issues.  Accordingly, they are not admissible pursuant to Rule 403.

9.      Defendant's Motion *in Limine* No. 2 to exclude news segments or reports regarding the service of alcohol on cruise ships is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 19.  News segments or reports are not relevant to the facts of the case and may misled the jury and cause a confusion of the issues.  Accordingly, they are not admissible pursuant to Rule 403.

10.     Defendant's Motion *in Limine* No. 3 to exclude reference to Plaintiff's prior kidney donation is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 21.  Plaintiff seeks to admit evidence referring to her prior kidney donation in order to explain why she underwent a psychological screening that revealed she had suicidal thoughts.  *Id.* at 22.  The psychological screening was part of the procedure to donate a kidney.  *Id.*  Since Plaintiff's Motion to exclude reference to her thoughts of suicide and suicide attempt has been granted, there is no reason to discuss why she underwent a psychological screening.  Additionally, reference to Plaintiff's kidney donation has no probative value and may cause the jury to confuse the issues.

11.     Defendant's Motion *in Limine* No. 4 to exclude evidence or testimony regarding the prior accident and injuries suffered by Plaintiff's ex-husband is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 23.  This Motion is unopposed.  *See id.* at 23.  The fact that Plaintiff allowed her ex-husband to continue to live with her in

5

order to care for him is wholly irrelevant to the facts of the case. *See* Fed. R. Evid. 402 (evidence must be relevant to be admissible). Reference to Plaintiff's ex-husband's accident is, therefore, not admissible pursuant to Rule 402.

12. Defendant's Motion *in Limine* No. 5 to preclude reference to Florida Department of Law Enforcement Report ("FDLE") is **GRANTED in part and DENIED in part**. *See* Joint Summary of Mot. *in Limine* 24. Upon proper authentication and foundation, such record may be admissible under Rules 803(8) of the Federal Rules of Evidence. The FDLE report states that a partial DNA profile, foreign to Plaintiff, was found in her sexual assault kit. *See* Joint Summary of Mot. *in Limine* 24; Pl's Opp. to Def.'s Mot. for Summ. J. Ex D. Plaintiff, however, may only refer to the report as evidence that a foreign partial DNA profile was found and not as conclusive proof that a sexual assault occurred.

13. Defendant's Motion *in Limine* No. 6 to exclude reference to the "cruise industry" is **DENIED without prejudice**. *See* Joint Summary of Mot. *in Limine* 26. I will not enter a blanket order excluding this type of evidence, as it may be relevant to the Defendant's duty of care and not unduly prejudicial to Defendant. I will consider challenges to specific evidence on a case-by-case basis.

14. Defendant's Motion *in Limine* No. 7 to exclude prior alleged incidents on Defendant's vessels where alleged assailant and/or alleged victim was a crewmember were passengers is **DENIED**. *See* Joint Summary of Mot. *in Limine* 28. The occurrence of prior sexual assaults on the Defendant's vessels is relevant to the issue of Defendant's duty to warn, and specifically the foreseeability that a sexual assault may occur. Since Count I, in which Plaintiff alleged she was assaulted by a crewmember, was dismissed,

there is no risk of confusion regarding the fact that the assailant in this case was a passenger and not a crewmember.  Order granting in part Def.'s Mot. for Summ. J., ECF No. 134.  Regarding Count II, Plaintiff sued Defendant on the theory that (1) Defendant breached a duty to not over serve Plaintiff alcohol and (2) Defendant breached a duty to warn Plaintiff that she may be the target of a physical attack or sexual assault.  *See* Comp. 5.  Incidents of physical attack and sexual assaults are, therefore, relevant.  Whether the victim was in a state of drunkenness is not necessarily relevant to the issue of duty to warn.  Thus, incidents involving sober or inebriated victims are admissible.  Accordingly, incidents of physical attack and sexual assaults, regardless of the status of crewmember or passenger of the victims or assailant, or of the state of drunkenness of the victim may be offered as evidence.

      15.    Defendant's Motion *in Limine* No. 8 to exclude and/or limit evidence of prior alleged incidents on the Defendants' vessels where alleged assailant and alleged victims were passengers is **DENIED**.  *See* Joint Summary of Mot. *in Limine* 30.  For the reasons explained above, incidents of physical attack and sexual assaults, regardless of the status of crewmember or passenger of the victim, or the status of crewmember or passenger of assailant, or of the state of drunkenness of the victim may be offered as evidence.

      16.    Defendant's Motion *in Limine* No. 9 to preclude Plaintiff from falsely representing that Defendant withheld, failed to produce, or otherwise "hid" CCTV footage is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 33.  Plaintiff did not put forward any evidence that the CCTV footage existed.  *See* Order granting in part Def.'s Mot. for Summ. J. 5-6.  Therefore, Plaintiff shall be precluded from making any

statement or reference to a possible spoliation of evidence.  Plaintiff, however, may offer evidence supporting the fact that Defendant could have placed more cameras in public spaces, but not that Defendant had a duty to do so or a duty to monitor the existing cameras.  *Mizener v. Carnival Corp.,* No 05–22965, 2006 U.S. Dist. LEXIS 44332, at *10 (S.D. Fla. July 16, 2006) (finding that placement of a camera aboard a vessel does not trigger a duty to monitor that camera for the safety and security of the vessel's passengers), *Doe v. Royal Caribbean Cruises, Ltd*, 11-23323-CIV, 2011 WL 6727959, at *3 (S.D. Fla. Dec. 21, 2011) ("[T]he mere installation of camera does not trigger the duty to monitor them").

17. Defendant's Motion *in Limine* No. 10 to admit evidence of Plaintiff's prior suicide attemps and associated hospitalization and treatment is **DENIED**.  As discussed above, the probative value of such a reference is far exceeded by the danger of unfair prejudice, confusion of the issues, and may mislead the jury.  The probative value of a suicide attempt that occurred over 15 years ago is also too remote to be relevant to the Plaintiff's current psychological state.

18. Defendant's Motion *in Limine* No. 11 to exclude reference to Plaintiff's alleged contraction of human papillomavirus ("HPV") is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 38.  The Motion is unopposed.  *See id.*  Since the parties have not placed Plaintiff's contraction of HPV at issue in this case, the Motion is granted.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of November 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*